UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS E. JONES-EL,

    Plaintiff,                                                                                  Case No. 07-C-0504

v.

WILLIAM POLLARD, MICHAEL BAENEN,
PETER ERICKSEN, JACK DORUFF,
M. DELVAUX, KATHLEEN BIERKE,
DONNA LIEBERGEN, LT. SWIEKATOWSKI,
MARK LESATZ, LT. CAMPBELL, KEVIN POSTL,
D. STEVENS, MIKE DONOVAN, GERALD BERGE,
MICHAEL MOHR, RICHARD SCHNEITER,
PETER HUIBREGTSE, GARY BOUGHTON,
TODD OVERBO, LT. TOM, CAPT. MASON,
T. LANSING, CHRISTINE BEERKIRCHER,
ELLEN RAY, J. HUIBREGTSE, S. GRONDIN,
SGT. HOFFMAN, J. BELZ, C.O. FINNELL,
C.O. MICHELSON, C.O. SCULLION,
CINDY O'DONNELL, RICK RAEMISCH,
JON LITSCHER, MATTHEW FRANK, JOHN BETT,
KEVIN POTTER, DAN WESTFIELD, KEVIN KALLAS
and DON HANDS,

    Defendants.

**ORDER**

    Plaintiff, Dennis E. Jones-El, who is currently incarcerated at Wisconsin Secure Program Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. On May 30, 2007, the plaintiff paid the $350.00 filing fee for this action. Therefore, the complaint is now ready to be screened under 28 U.S.C. § 1915A.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*,

446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff seeks to pursue this lawsuit, which he lodged against 40 prison officials employed at two state correctional institutions and the Wisconsin Department of Corrections (DOC) office in Madison, as a class action on behalf of all DOC prisoners. According to the plaintiff, the defendants violated his rights, and the rights of other similarly situated inmates, under the First, Fourth, Fifth, Eighth and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA) when he was confined at Green Bay Correctional Institution (GBCI) and at Wisconsin Secure Program Facility (WSPF)[1].

The detailed complaint, which runs more than 30 pages in length, is deficient in several respects. Specifically, the plaintiff has failed to put the defendants on notice of some of the claims he has lodged against them. The burden on a plaintiff in stating a claim under the Federal Rules of Civil Procedure is light. A plaintiff need not plead legal theories nor allege all the facts necessary

---

[1] WSPF was formerly known as "Supermax Correctional Institution."

3

to establish the essential elements of a legal theory. *Swierkiewicz,* 534 U.S. at 512-15; *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Albeiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir. 1997). Rather, the plaintiff needs only to provide a short, plain statement of his grievance. Fed.R.Civ.P. 8(a)(2); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The complaint is sufficient so long as it puts the defendant on notice of the claims and the grounds they rest upon, along with "some indication...of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004).

In the present case, the plaintiff seeks to proceed on ten causes of action.[2] In paragraph 38, the plaintiff charges the defendants with retaliating against him for exercising his First Amendment rights. For example, he alleges that the defendants retaliated against him by "[p]lacing [him] in solitary confinement for months, over 120 days, without any finding of guilty for rule violations." (Compl. ¶ 24(m)). However, because it is unclear where and when this incident occurred, *see Thomson*, 362 F.3d at 970-71, and the plaintiff has neglected to specify which of the 38 defendants allegedly placed him in solitary confinement, *see Hoskins v. Lenear*, 395 F.3d 372, 275 (7th Cir. 2005)(to state a claim for retaliation, the plaintiff must "specif[y] a retaliatory action;" name the appropriate defendants; and "assert[] a constitutionally protected activity, the exercise of which caused the...retaliatory action."), the plaintiff has failed to put the defendants on notice of this claim.

In paragraphs 44 and 45, the plaintiff alleges that all defendants conspired to punish him from May, 2001, to the present. As grounds for his assertion, the plaintiff cites nine specific incidents in which he was allegedly subjected to cruel and unusual punishment. For example, he

---

[2] While the plaintiff has indicated that he wishes to pursue twelve causes of action against the defendants, claims 4 and 6 were omitted from the complaint.

4

contends that he was kept "in a cell with 24 hour illumination, which deprived him of sleep, pained his eyes and caused headaches while others in same type cells were (and are) allowed to turn their lights out." (Compl. ¶ 45(d)). However, he has not provided any information as to the time or place this alleged incident occurred. *See Thomson*, 362 F.3d 969, 970-71. Nor has he identified the responsible defendants. *See Lindell v. Doyle*, No. 02-C-473, U.S. Dist. LEXIS 1571, at *7 (W.D. Wis. Feb. 2, 2004) (stating that failure to make specific allegations against 79 defendants "robs" defendants of notice required under Fed.R.Civ.P. 8). Thus, the plaintiff has failed to properly put the defendants on notice of this claim.

Next, the plaintiff has indicated that he seeks to litigate this case as a class action. Under Fed.R.Civ.P. 23(a)(4), the class must be provided adequate representation. Because of this requirement, courts have repeatedly declined to allow *pro se* prisoners to represent a class in a class action. *See, e.g., Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(holding that it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D.N.J. 1992)("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action."). Thus, the plaintiff is advised that obtaining an attorney is a prerequisite to class certification.

Next, the plaintiff has indicated that he seeks to pursue twelve causes of action against the defendants. As noted above, claims 4 and 6 were omitted from the complaint. It is unclear whether this omission was intentional. If the plaintiff wishes to pursue these claims, he may include them in an amended complaint, which will be discussed below.

5

As a final matter, it appears that the plaintiff seeks to pursue claims similar to those litigated in *Jones-El v. Schneiter*, No. 00-C-421-C (W.D. Wis), his previous class action lawsuit against officials employed at WSPF. For example, the plaintiff states that "some of these things . . . defendants have agreed to fix in previous settlements (now expired) and never did, such as: allowing 35 hours out-of-cell twice a week for prisoners in double-cells, and allowing plaintiff some choice in who they cell-up with; improving medical protocol; and establishing fire drills and exit protocol for plaintiffs. (Compl. ¶ 38). The court in *Jones-El* has entered several consent decrees, one on June 24, 2002, and another on May 3, 2007. "A consent decree is res judicata and thus bars either party from reopening the dispute by filing a fresh lawsuit." *United States v. Fisher*, 864 F.2d 434, 439 (7th Cir. 1988)(citation omitted). "Alternatively, it is a contract in which the parties deal away their right to litigate over the subject matter." *Id.* Thus, the plaintiff is advised that the *Jones-El* consent decrees may preclude him from pursuing some of the claims presented in the complaint. Regardless of whether his WSPF claims are barred, plaintiff should be aware that unless they are somehow related to his claims against officers at Green Bay Correctional Institution (GBCI), the court may sever them and transfer that portion of his case to the Western District where WSPF is located and where he already has a case pending.

In light of the foregoing, the plaintiff may file an amended complaint within 30 days if he can cure the deficiencies in the original complaint. The plaintiff is hereby advised that he has until **August 1, 2007**, in which to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

The plaintiff is advised that the amended complaint supercedes the prior complaints and the amended complaint must be complete in itself without reference to the prior complaints.

6

Accordingly, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Ed. Of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Once filed, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

**THEREFORE, IT IS ORDERED** that the plaintiff shall file an amended complaint on or before **August 1, 2007.** The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is advised that the amended complaint supercedes the prior complaints and the amended complaint must be complete in itself without reference to the prior complaints.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this   25th   day of June, 2007.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge