UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS E. JONES-EL,

       Plaintiff,

  v.                                                Case No. 07-C-504

WILLIAM POLLARD, MICHAEL BAENEN,
PETER ERICKSEN, JACK DORUFF, M. DELVAUX,
KATHLEEN BIERKE, DONNA LIEBERGEN,
LT. SWIEKATOWSKI, CAPT. BRANDT, MARK LESATZ,
LT. CAMPBELL, KEVIN POSTL, D. STEVENS,
MIKE DONOVAN, GERALD BERGE, MICHAEL MOHR,
RICHARD SCHNEITER, PETER HUIBREGTSE,
LT. BOISEN, GARY BOUGHTON, TODD OVERBO,
LT. TOM, CAPT. MASON, T. LANSING, RON EDWARDS,
CHRISTINE BEERKIRCHER, ELLEN RAY,
J. HUIBREGTSE, S. GRONDIN, SGT. HOFFMAN,
JOHN AND JANE DOE PRC MEMBERS, J. BETZ,
C.O. FINNELL, C.O. MICHELSON, C.O. SCULLION,
CINDY O'DONNELL, RICK RAEMISCH, JON LITSCHER,
MATTHEW FRANK, JOHN BETT, KEVIN POTTER,
DAN WESTFIELD, KEVIN KALLAS and DON HANDS,

       Defendants.

**ORDER**

      Plaintiff, Dennis E. Jones-El, filed this pro se civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. By order dated June 26, 2007, the court screened the original complaint and found it to be deficient in several respects, but allowed Jones-El to file an amended complaint. He did so on September 5, 2007. On October 18, 2007, the court screened his amended complaint and permitted him to proceed with his First Amendment retaliation, free speech, free association, freedom of religion, prison mail and establishment clause claims, as well as an Eighth Amendment

conditions of confinement claim, an access to the courts claim, a due process segregation claim, an equal protection claim and a RLUIPA claim. The matter now comes before the court on the defendants' motion to dismiss the amended complaint for improper joinder under Federal Rules of Civil Procedure 18 and 20. Defendants contend that Jones-El should not be permitted to proceed in one action with his remaining claims against 44 different defendants, because they arise out of different factual occurrences or series of occurrences. Defendants' motion also requests that the court enter a "strike" under 28 U.S.C. § 1915(g) against Jones-El with regard to the court's previous dismissal, by its order of October 18th, of several of Jones-El's claims for failure to state a claim upon which relief may be granted. Also before me are (1) Jones-El's motions for extensions of time in which to respond to the defendants' motion to dismiss, (2) his motion for sanctions, in which he alleges the defendants have filed their motion to dismiss for improper purposes, (3) his request that the clerk enter the defendants' default in this matter, in which he claims the defendants have failed to file a timely responsive pleading to his amended complaint, and (4) his motion to strike the defendants' April 15 brief as an untimely and inappropriate response and reply. For the following reasons, Jones-El's response to the defendants' motion will be considered timely, but his motion for sanctions, motion to strike, and request for an entry of default will be denied. The defendants' motion to dismiss will be granted, and the amended complaint dismissed without prejudice. In addition, Jones-El will be given a "strike" under 28 U.S.C. § 1915(g).

**I. Plaintiff's Motions for Extensions of Time**

On March 19, 2008, Jones-El filed a motion seeking a one-day extension of time in which to file his response to the defendants' motion to dismiss his amended complaint, alleging that it had

2

taken him longer than expected to prepare because his access to the law library was limited to only 2.5 hours per week. (Mot. for Extension of Time, Dkt. #16.) The following day, he filed a second motion requesting an extension of the deadline by an additional three days, and expressing concern that his filing would be delayed because the prison mail would not go out over the upcoming weekend. (Mot. for Extension of Time, Dkt. #17.) The court then received Jones-El's response to the defendants' motion, accompanied by a certificate of mailing dated March 23, 2008. (Br. Opp. Mot. to Dismiss 17.)

As a general matter, I note that pursuant to the "prisoner mailbox rule," an inmate's submissions to the court are deemed filed when deposited in the prison mail system, rather than upon their receipt by the court. Thus, Jones-El was not dependent on the institution's mailing of the documents to make his filing. But even aside from when Jones-El deposited his response in the prison mail, I conclude that his response was timely filed. Local Rule 7.1 required that Jones-El file his response within twenty-one days of the service of the defendants' motion. Because the defendants served their motion by mail, Federal Rule of Civil Procedure 6(e) provided an additional three days to respond. The defendants served their motion to dismiss on February 27, 2008. (Dkt. #15.) Twenty-four days later would have been Saturday March 22, 2008. Therefore, under Rule 6(a), Jones-El had until the following Monday, March 24, 2008, to file his response. He has submitted a certificate of service indicating that he served his response by placing it in the mail on March 23, 2008. (Dkt. #24.) Accordingly, Jones-El's motions for extensions of time to respond to the defendants' motion will be denied as moot, but his response will be considered as timely filed.

3

## II. Plaintiff's Request that the Clerk Enter the Defendants' Default

On March 23, Jones-El also filed a request that the clerk enter the defendants' default pursuant to Federal Rule of Civil Procedure 55(a). Jones-El claims an entry of default is appropriate in this case, because the defendants "have filed no responsive pleading in this action, no answer to the complaint, and have failed to 'otherwise defend'" against his claims. (Jones-El Aff. Supp. Entry of Default ¶ 5.) This contention is without merit. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, the defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12. Upon the timely filing of a motion under that rule, a defendant need only file a responsive pleading within 10 days after notice of the court's action on the motion, or, if the court orders the plaintiff to file a more definite statement, within 10 days after the more definite statement is served. Fed. R. Civ. P. 12(2)(A)-(B). In fact, Rule 12 requires that certain defenses be asserted by motion before pleading. That the defendants have chosen at this stage in the proceedings to file their present motion to dismiss in lieu of a responsive pleading is not grounds for entry of default.

## III. Defendants' Motion to Dismiss and Plaintiff's Motions to Strike and for Sanctions

I therefore turn to the defendants' motion to dismiss the claims asserted by Jones-El in his amended complaint as improperly joined. In connection with the defendants' motion, Jones-El has filed a motion for sanctions, alleging the motion to dismiss was filed for improper purposes, and a motion to strike the defendants' brief of April 15, 2008 (Dkt. #27) as untimely filed. In support of his motion to strike (Dkt. # 31), Jones-El notes that on April 15, the defendants filed a brief

4

entitled "Defendants' Response in Opposition to Plaintiff's Motion for Sanctions and Request for Entry of Default Judgment; and Defendants' Reply Brief in Support of Motion to Dismiss." (Dkt. #27.) Jones-El claims that the document should be struck as an untimely reply, and a response that is without legal basis. (Reply Supp. Mot. Strike 2-3.) Local Rule 7.1 requires service of a response brief within twenty-one days of service of a motion, and service of a reply brief within fourteen days from the service of the response brief. Jones-El's motions and his response to the defendants' motion to dismiss having been served by mail on March 23, any reply by the defendants in support of dismissal was due seventeen days later, on April 9. Therefore, it appears that to the extent the defendants' brief was intended to serve as a reply, it was untimely. However, inasmuch as the brief addresses the defendants' own motion to dismiss, it does so only in the context of presenting a timely and relevant response to Jones-El's motion for sanctions, arguing the defendants' motion to dismiss does in fact have a reasonable basis in fact and law. For the reasons below, I find the defendants' arguments in support of dismissal and in opposition to sanctions persuasive, despite Jones-El's allegations that the defendants' response lacks any legal basis. Accordingly, Jones-El's motion to strike the document will be denied.

I conclude that the defendants' motion to dismiss should be granted. In support of their motion, the defendants cite the Seventh Circuit Court of Appeal's recent decision in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). That case did not set forth new rules or criteria, but it did underscore the applicability of the rules on joinder found in Rules 18 and 20. In *George,* the inmate plaintiff had named 24 defendants in some 50 claims, and the Seventh Circuit frowned on the district court's allowing of this "mishmash of a complaint." *Id.* at 607. In a nutshell, an inmate (or any litigant, for that matter) cannot sue multiple parties for numerous unrelated actions; Rule 20

5

requires that multiple parties may be named as defendants only when their actions arise out of the same conduct as the other party or parties.

In this court's October 18th screening order, I attempted to sift through a similar mishmash complaint. In retrospect, and in light of *George*, that approach appears to have been needlessly indulgent. Fed. R. Civ. P. 20(a)(2) provides that defendants may be joined in an action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) permits a plaintiff to join "as many claims as it has against an opposing party," but joinder under Rule 18(a) is allowed only after the requirements of Rule 20 have been satisfied. Thus, "[u]nrelated claims against different defendants belong in different suits[.]" *George*, 507 F.3d at 607. Here, Jones-El alleges unrelated claims against different defendants, arising out of events at two different institutions. These claims are improperly joined.

In response to the defendants' motion, Jones-El claims that he has asserted at least one claim, entitled "3rd Causes of Action" in the amended complaint (referred to as "Claim 3" in the court's screening order), against all defendants. Thus, he claims, he may join his other claims against the defendants in the same action. As the court noted in its screening order, the allegations Jones-El makes in this portion of his complaint may constitute violations of the Eighth Amendment. However, this "claim" is really several. It alleges a variety of events, including, for example, the deprivation of food, improper placement in segregation, and exposure to constant illumination. Such constitutional violations are alleged to have been committed by defendants who work at Wisconsin Secure Program Facilty ("WSPF"), Green Bay Correctional Institution ("GBCI"), and

6

the headquarters of the Wisconsin Department of Corrections in Madison, Wisconsin. Some violations are alleged to have taken place at WSPF, and some at GBCI. It is apparent that these allegations arise out of multiple transactions, occurrences, or series of transactions or occurrences. Thus, while each occurrence or series of occurrences may form the basis of a claim for violation of the Eighth Amendment, these claims may not be brought together in the same lawsuit. "A court considering an Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances," because "exposure to the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment." *Rhodes v. Chapman*, 452 U.S. 337, 362-63 (1981) (internal citation omitted). However, this does not require the court to entertain a lawsuit that encompasses unrelated actions taken by different defendants at different locations and different times over the course of an inmate's incarceration.

Accordingly, I conclude that the complaint should have been dismissed with leave to file a new one in compliance with Rules 8, 18 and 20. The defendants' motion to dismiss will therefore be granted. It follows that Jones-El's motion for sanctions will be denied. He argues, as evidence that the defendants' motion was filed for improper purposes, that even if his claims are improperly joined, they must be severed, not dismissed. However, under *George*, I may apply the filing fee Jones-El paid in this case to only one lawsuit consisting of properly joined claims. Any other claims he may wish to pursue must be brought in separate civil actions accompanied by appropriate filing fees or motions for leave to proceed *in forma pauperis*. Rather than attempt to sort through the complaint and guess which claims Jones-El would like to pursue in this case, I will dismiss the entire complaint without prejudice. Jones-El may file an amended complaint within thirty days of the date of this order; if he does so, he must join only those parties as to whom he asserts a right to

7

relief that arises out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a).

### IV. Defendants' Request that the Court Impose a "Strike"

Within their motion to dismiss, the defendants also request that the court impose a "strike" against Jones-El under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Defendants note that in its October 18th screening order, the court dismissed several of Jones-El's claims for failure to state a claim upon which relief may be granted. The PLRA provides,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In *George*, the Court made clear that when *any* claim in an inmate complaint fails to state a claim—as I found in my screening order— the inmate is to be given a strike under 28 U.S.C. § 1915(g). 507 F.3d at 607-608. Although Jones-El claims that he cannot incur a strike because he has paid the filing fee for this case in full, he misunderstands the scope of the statute's application. The text of the statute clearly indicates that an action filed by a prisoner is to be counted against his future application for *in forma pauperis* status if he has, on three or more occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). By its terms, this provision extends to the dismissal of any action or appeal, and its effect is not limited to inmates proceeding *in forma pauperis* at the time their claim is

8

dismissed. Thus, a prisoner incurs a strike based upon his filing of any claim dismissed for failure to state a claim, even if his complaint is accompanied by the full filing fee. Accordingly, Jones-El has incurred a "strike" in this case.

### V. Conclusion

In sum, **IT IS ORDERED** that the plaintiff's motions for extensions of time are **DENIED** as moot.

**FURTHER, IT IS ORDERED** that the defendants' motion to dismiss is **GRANTED**, and the amended complaint is **DISMISSED** without prejudice; plaintiff may file another amended complaint in this action within thirty days of the date of this order.

**IT IS ORDERED** that plaintiff's motion for sanctions, his motion to strike, and his request that the clerk enter default are **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

Dated this   18th   day of June, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge