UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS E. JONES-EL,

Plaintiff,

Case No. 07-C-0504

WILLIAM POLLARD, MICHAEL BAENEN, PETER ERICKSEN, LT. M. DELVAUX, KATHLEEN BIERKE, LT. SWIEKATOWSKI, LT. CAMPBELL, D. STEVENS, MICHAEL MOHR, RICHARD SCHNEITER, PETER HUIBREGTSE, GARY BOUGHTON, LT. TOM, CAPTAIN MASON, T. LANSING, ELLEN RAY, J. HUIBREGTSE, CO SCULLION, RICK RAEMISCH, MATTHEW FRANK, JOHN BETT, DAN WESTFIELD, CAPTAIN BRANDT, LT. BOISEN, and RON EDWARDS,

Defendants.

**DECISION AND ORDER**

Plaintiff, Dennis E. Jones-El, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. In an order dated June 26, 2007, I screened Jones-El's original complaint and found it to be deficient in several respects. I afforded Jones-El the opportunity to file an amended complaint and he did so on September 5, 2007. On October 18, 2007, I screened Jones'El's amended complaint and permitted him to proceed on a number of claims under the First Amendment, Eighth Amendment, Fourteenth Amendment and RLUIPA. The defendants filed a motion to dismiss the amended complaint for improper joinder under Federal Rules of Civil Procedure 18 and 20. In an order dated June 18, 2008, I found that Jones-El's complaint violated the Federal Rules of Civil Procedure regarding joinder of claims and parties and granted the

defendants' motion to dismiss.[1] I also afforded Jones-El the opportunity to file another amended complaint and directed him to comply with Rules 8, 18 and 20. Before me now is the amended complaint Jones-El filed on August 19, 2008.

**I. Class Action**

In the caption of his amended complaint, Jones-El states that he is bringing the action "partially on behalf of all prisoners similarly situated [prisoners]." This indicates that Jones-El is attempting to bring a class action against the defendants. Under Federal Rule of Civil Procedure 23(a), a plaintiff can sue as a representative of or on behalf of parties only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Because Jones-El has not satisfied the requirements of Rule 23(a), he can only bring the claims in his individual capacity and not on behalf of a class.

**II. Standing**

Throughout much of the amended complaint, Jones-El speaks generally of what he considers objectionable actions of the defendants, and unconstitutional conditions, policies and procedures of the prisons and the Wisconsin Department of Correction. Relative to many of the claims, there is no indication that such policies or conditions personally affected Jones-El. A complaint must present an actual case or controversy for the court to resolve. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To establish Article III standing, the plaintiff must show:

---

[1] I also imposed a "strike" under 28 U.S.C. § 1915(g) because Jones-El had claims dismissed for failure to state a claim.

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180-81 (2000)).

**III. Joinder**

The current amended complaint differs only slightly from the complaint I dismissed on June 18, 2008. Jones-El has reduced the number of defendants from 45 to 24, but he still sets forth what he considers twelve causes of action. When I apply Federal Rules of Civil Procedure 18 and 20 to Jones-El's complaint, he actually asserts far more than twelve causes of action. Moreover, the enumerated causes of action relate to numerous events that occurred at two separate prisons over the course of more than six years.

Jones-El is once again attempting to improperly bring unrelated claims in a single case. As instructed by the Court of Appeals in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), under the controlling principle of Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *Id.* at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

In *George*, the Court of Appeals also reminded district courts that Rule 20 applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The Court noted "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" would be rejected if filed by a free person and should also be rejected if filed by a prisoner. *George*, 507 F.3d at 607. I find that Jones-El's amended complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants at two separate prisons. This is just the sort of "buckshot complaint" that the *George* court instructed should be "rejected." *Id.* I will strike the amended complaint Jones-El filed on August 19, 2008.

**IV. Instructions**

I will provide Jones-El with one final opportunity to submit a proper complaint. He must choose carefully and submit one, final amended complaint that sets forth a single claim or claims permissibly joined consistent with Rules 18 and 20.[2] The complaint may not be a class action, and Jones-El must have personal involvement in the claim or claims included. The complaint must be filed on or before **Friday, October 17, 2008**.

I will screen the amended complaint in accordance with 28 U.S.C. § 1915A. Jones-El should carefully consider the claims which he intends to pursue in this case because in a multi-claim, multi-defendant suit, each claim will be evaluated for the purpose of 28 U.S.C. § 1915(g).

---

[2] Any unrelated claim not pursued in this case must be brought in a separate action.

If the complaint Jones-El files fails to comply with this order and/or Rules 18 and 20, I will dismiss the complaint and this action with prejudice.

**V. Conclusion**

**THEREFORE, IT IS ORDERED** that the plaintiff's amended complaint filed on August 19, 2008 (Docket #42) be and the same is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that the plaintiff may submit one final amended complaint in this action on or before **October 17, 2008**. If the plaintiff's amended complaint does not comply with *George*, Rules 18 and 20, or this Order, I will dismiss this action with prejudice. Likewise, if the plaintiff fails to file an amended complaint on or before October 17, 2008, I will dismiss this action with prejudice, pursuant to Local Rule 41.3, for failure to prosecute.

Dated this 22nd day of September, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge